
UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RUDY LOZANO,<br><br>Plaintiff,<br><br>v.<br><br>YORK COUNTY SUPERIOR COURT<br><br>    And<br>NANCY E. HAMMOND, YORK COUNTY REGISTRAR OF DEEDS<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS
SEEKING INJUNCTIVE AND DECLARATORY RELIEF**

**PARTIES**

1. Plaintiff Rudy Lozano is a natural person and citizen of the United States and of the State of Maine, residing in Saco, County of York, State of Maine.

2. Defendant York County Superior Court (the "Superior Court") is a court of general jurisdiction created by, and imbued with the power of, the State of Maine.

3. Defendant Nancy E. Hammond is the duly elected Registrar of Deeds for the County of York, in the State of Maine.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this

case involves a federal question pertaining to the United States Constitution.

5. Venue lies in this Court pursuant to 28 U.S.C. § 1391 as this is the judicial district where defendants reside and this is the judicial district where the cause of action arose.

## STATEMENT OF FACTS

6. On or about November 7, 2019, a natural person, Laurie DeLeo, involved in a legal dispute with Plaintiff, filed with the York County Superior Court a Complaint along with an *ex parte* petition for attachment of property belonging to Plaintiff. Such Petition is attached hereto as Ex. A.

7. On or about October 11, 2020, the Court, without a hearing or requiring notice to be given to Plaintiff, imposed an *ex parte* Order of Attachment on certain property of the Plaintiff. Such Order of Attachment is attached hereto as Ex. B.

8. Thus the Superior Court imposed a restriction on the property of Plaintiff without requiring that he receive notice or an opportunity to be heard regarding the imposition it inflicted.

9. On or about October 25 2019, the York County Registrar of Deeds placed a lien on the property of Plaintiff based on the Order of Attachment. Such notification as it appears on the records of the Registry of Deeds is attached hereto as Ex. C.

10. However, Laurie DeLeo had already brought a cause of action against Plaintiff in a different court, the 1st District Court of the State of Maine, by complaint dated September 7, 2018.

11. As such, once Plaintiff became aware of the Superior Court action, he sought its dismissal and

filed a Motion to Dismiss on January 13, 2020. A copy of that Motion is attached hereto as Ex. D. Included in that Motion is discussion about the *ex parte* Order of Attachment.

12. The Superior Court did not address Plaintiff's attempt to dismiss the Superior Court action and thus the *ex parte* Order of Attachment, nor did it hold a hearing or allow any challenge to the *ex parte* petition seeking attachment.

13. The Superior Court however, declined to consider Plaintiff's Motion to Dismiss, but instead *sua sponte*, stayed the Superior Court action.

14. By such action the Superior Court did not allow Plaintiff an opportunity to challenge DeLeo's *ex parte* petition as is his right under Maine procedural rules and the United States Constitution.

15. Although the attachment of his property was burdensome, because a trial on DeLeo's complaint was scheduled for a hearing April 14, 2020 in the Maine District Court, Plaintiff did not immediately seek a dissolution of the *ex parte* order, hoping to have his dispute with DeLeo resolved promptly.

16. Due to the COVID-19 declaration of a state of emergency in Maine, however, the Maine District Court was unable to have the trial on DeLeo's complaint as scheduled, and has not yet rescheduled such hearing.

17. Once Plaintiff became aware that the dispute with DeLeo would not be resolved, he requested of the Superior Court to dissolve the *ex parte* Order of Attachment.

18. By Motion dated March 17, 2020, Plaintiff sought to put in motion the Court's obligation under Maine's rules of procedure, to hold a hearing on his request to dissolve the *ex parte* Order of Attachment. A copy of Plaintiff's Motion in this regard is attached hereto as Ex. E.

19. Plaintiff's Motion met the requirements of Maine's Rule of Civil Procedure 4A(h).

20. Although Maine's rules of procedure require that on proper motion to the court, "the court *shall* proceed to hear and determine such motion as expeditiously as the ends of justice require", Me.R. Civ. P. 4A(h) (emphasis added), the Superior Court informed Plaintiff that due to the state of emergency, the Court would not consider his motion at that time. Attached hereto as Ex. F is the Superior Court's Order of March 29, 2020 denying Plaintiff's Motion.

21. The Superior Court hand wrote this Order which appears to require a special and additional motion be submitted to allow for any action- whether mandatory or not- during a declared state of emergency.

22. On or about July 27, 2020, and in light of the Court's Order declining to follow Maine Rule of Civil Procedure 4A(h) due to the emergency order of the Maine Supreme Judicial Court, Plaintiff submitted a Motion which sought to address the dictates of the Emergency Order regarding Covid-19. Plaintiff's Motion dated July 21, 2020 is attached hereto as Ex. G.

23. Again Plaintiff properly moved the Superior Court to hold a hearing on the still-unchallenged *ex parte* Order of Attachment, seeking to provide the information necessary to activate the Superior Court's ability to hold a hearing during the Covid-19 emergency.

24. The Superior Court denied Plaintiff's Motion. Order dated July 27, 2020, attached hereto as Ex. H.

25. By denying Plaintiff's appeal to the dictates of the emergency order of the Maine Supreme Judicial Court, the Superior Court yet again refused to hold a hearing on the now months-old *ex parte* order of attachment which encumbered Plaintiff economically.  This was the third refusal of the Superior Court to provide Plaintiff any opportunity or avenue to address an unchallenged *ex parte* Order of Attachment, creating a deprivation of Plaintiff's constitutionally protected rights.

26. Faced with no other option, Plaintiff waited until the emergency order of the Maine Supreme Judicial Court had expired.   He yet again sought to have the Superior Court honor its obligation to provide him a hearing to challenge an *ex parte* imposition against his property interests.

27. Once the time frame of the Maine Supreme Judicial Court's emergency order had expired, Plaintiff submitted a request to the Superior Court to schedule a hearing pursuant to Me.R.Civ.P. 4A(h) that he believes he is entitled to.  A copy of such request is attached hereto as Ex. H.

28. In an Order dated July 27, 2020, the Superior Court yet again refused to hold the hearing required by Maine Rule of Civil Procedure 4A, this time stating that because the Superior Court had, *sua sponte* and without being requested to do so, stayed the action, it was not willing (and apparently not required) to grant Plaintiff a hearing to challenge and thereby dissolve the *ex parte* Order of Attachment it had granted without a hearing and without notice to Plaintiff.  A copy of the Order dated July 27, 2020 is attached hereto as Ex. I.

5

29. Thus the Plaintiff has attempted to address the *ex parte* Order of Attachment issued by the Superior Court on four separate occasions and on each occasion the Superior Court, in contravention of the Maine Rules of Civil Procedure and Plaintiff's federal due process rights, has refused to hold a hearing which would put DeLeo's *ex parte* submissions to the test.

30. The violation of Plaintiff's due process rights is the Superior Court's repeated refusal to allow for Plaintiff to be afforded any procedure to challenge the *ex parte* order of attachment.

31. Plaintiff does not seek this Court to second-guess the Superior Court's Order of Attachment.

32. Plaintiff does not seek this Court to force the Superior Court to hold a hearing it does not apparently find Plaintiff is entitled to.

33. However, Plaintiff believes that without due process of affording him the opportunity to challenge the *ex parte* Order of Attachment, the Order itself, on these facts, violates Plaintiff's federal constitutional rights, which this Court has an obligation to address and protect.

34. Plaintiff seeks remedy from this Court to issue a writ to the Superior Court to dissolve the *ex parte* Order of Attachment if it cannot (or will not) hold a hearing on Plaintiff's Motion to dissolve the *ex parte* Order of Attachment.

35. Plaintiff seeks remedy from this Court to issue declaratory relief or an order that the Registrar of Deeds for York County Maine shall remove the lien recorded on the property of Plaintiff.

6

### Count I- Violation of Plaintiff's Equal Protection Rights

36. Paragraphs 1 through 23 are incorporated as though fully stated herein.

37. By maintaining and enforcing a set of customs, practices, and policies depriving Plaintiff of his lawfully obtained property, Defendants are propagating customs, policies and practices that violate Plaintiff's rights to equal protection of the laws under the Fourteenth Amendment to the United States Constitution thereby damaging Plaintiff in violation of 42 U.S.C. § 1983. Plaintiff is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

### Count II - Violation of Plaintiff's Due Process

38. Paragraphs 1 through 37 are incorporated as though fully stated herein.

39. Plaintiff has a cognizable property interest in his land and home, the seizure and retention of which was caused by Defendants without sufficient due process. Defendants are propagating customs, policies, and practices that violate Plaintiff's right to due process under the Fourteenth Amendment to the United States Constitution thereby damaging Plaintiff in violation of 42 U.S.C. § 1983. Plaintiff is therefore entitled to permanent injunctive relief against such customs, policies, and practices..

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the practice of seizing and retaining property without providing due process.

2. The immediate dissolution of the Order of Attachment.

3. Punitive damages in a sufficient amount to deter Defendants from further violating the rights of Plaintiff and other property owners.

4. Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988.

5. Any other relief as the Court deems just and appropriate.


Dated: October 14, 2020

                                  Respectfully submitted,

                                  /s/ Rudy A Lozano
                                  *Pro se* Plaintiff
                                  7 Turnberry Lane
                                  Saco, Maine 04072
                                  207-579-1870


With research and drafting assistance from:

                                  /s/ Daniel D. Feldman
                                  Daniel D. Feldman
                                  Maine Bar # 5638
                                  277 E. Main St.
                                  Yarmouth, Me 04096
                                  (207) 200-6360
                                  email.daniel.feldman@gmail.com