UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RUDY LOZANO, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:20-CV-00377-LEW |
| | ) |
| SUPERIOR COURT OF MAINE, et al., | ) |
| | ) |
| Defendants | ) |

### ORDER ON MOTION TO DISMISS

In September of 2020, I dismissed Plaintiff Rudy Lozano's complaint against the State of Maine and the Maine Superior Court, explaining that a due process claim was not adequately alleged. Order Adopting Recommended Decision, *Lozano v. Maine*, No. 2:20-cv-281 (D. Me. Sep. 29, 2020). In doing so, I also adopted a Recommended Decision by the United States Magistrate Judge that explained to Mr. Lozano that the United States District Court lacks the jurisdiction to directly review an order of the Maine Superior Court. Recommended Decision After Review of Plaintiff's Complaint, *Lozano v. Maine*, No. 2:20-cv-281 (D. Me. Aug. 31, 2020). In his Recommended Decision, the Magistrate Judge also explained that the due process interest Plaintiff described in his prior action could support a viable claim for deprivation of a constitutional right, depending on the circumstances, *id.* at 3, but he recommended that this Court not rule on the adequacy of state court proceedings underlying the state court attachment order unless it turned out that

the state court proved itself "inadequate in some respect" through the passage of time, *id.* at 7-8 & n.4.

On October 14, 2020, Plaintiff filed a new complaint in which he names as defendants the York County Superior Court and Nancy Hammond, York County Registrar of Deeds. The Magistrate Judge granted Plaintiff leave to proceed in forma pauperis and the complaint was served on the Superior Court.

The matter is now before this Court on a motion to dismiss for lack of jurisdiction. In its motion, the Superior Court observes that it is not subject to suit in federal court by operation of the Eleventh Amendment of the United States Constitution. It also argues, in the alternative, that the case should be dismissed for the same reasons it was dismissed before. Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (ECF No. 12). For the reason stated on page four of the Superior Court's Motion, *i.e.*, the Eleventh Amendment reason, the Motion is granted.[1]

Because Plaintiff also presses his claim against an individual defendant, Nancy Hammond, who is potentially subject to a claim seeking injunctive relief under 42 U.S.C. § 1983 and/or *Ex Parte Young*, 209 U.S. 123 (1908), the entire case is not subject to dismissal solely on the basis of the Superior Court's motion.[2] However, the claim asserted

---

[1] Additionally, as the Magistrate Judge explained before, to the extent Plaintiff asks for an order from this Court that dissolves the state court's order of attachment, see Complaint, Prayer for Relief ¶ 2, this Court lacks the jurisdiction to directly review and set aside orders entered by state courts. Recommended Decision After Review of Plaintiff's Complaint at 3, *Lozano v. Maine*, No. 2:20-cv-281 (D. Me. Aug. 31, 2020). This Court's power in that regard is limited to ordering a proper official to carry out an act compelled by the Constitution.

[2] The distinction that federal courts draw between actions against a state and its agencies – which cannot be maintained in federal court – versus actions against an individual in his or her official capacity – which can – is explained by the Supreme Court in footnote 10 of its opinion in *Will v. Michigan Department of*

2

against Ms. Hammond is subject to review under the screening provision of the in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). An answer in this case is not required from Ms. Hammond because she does not have the authority to expunge from the records maintained by the Registry a state court order of attachment unless and until the attachment order is lifted or expires by its own terms. The individual with the authority to lift the attachment is the presiding Superior Court Justice, not Ms. Hammond.

## CONCLUSION

Defendant York County Superior Court's Motion to Dismiss is GRANTED. The Maine Superior Court / York County Superior Court is DISMISSED from the case.

Following review of Plaintiff's claim against Nancy Hammond, Registrar, Plaintiff's claim against Ms. Hammond is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED.**

Dated this 26th day of January, 2021.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

---

*State Police*, 491 U.S. 58, 71 n.10 (1989).